568 So.2d 920 (1990)
Michael L. HERRIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 75523.
Supreme Court of Florida.
October 18, 1990.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butteworth, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review the decision in State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA 1990), because of its conflict with decisions of other district courts of appeal cited later in this opinion. We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Herrin pled guilty to the purchase of cocaine within 1000 feet of a school contrary to section 893.13(1)(e), Florida Statutes *921 (1987). At the sentencing hearing, Herrin testified that he became addicted to cocaine in late 1986 when he was using the drug on a daily basis. As a consequence, he sought treatment in a rehabilitation center in Fort Lauderdale where he spent three months. He denied having taken cocaine thereafter until he was arrested on October 29, 1988. On that date, he purchased ten dollars worth of cocaine, which he said he intended to use for himself because he was having social problems and was depressed. Following his arrest, he attended Narcotics Anonymous and enrolled in a county drug-treatment program. He denied the use of cocaine since his arrest. At the time of sentencing on May 3, 1989, he had worked as an electrician for Mid-Florida Pools for slightly over a year.
The sentencing guidelines called for a range of three and one-half to four and one-half years' imprisonment. The trial judge sentenced Herrin to two years' community control to be followed by one year of probation. In support of the downward departure, the judge stated:
The Defendant suffered from substance abuse. Barbera v. State, 505 So.2d 413 (Fla. 1987). The Defendant is amenable to rehabilitation, as is evidenced by his voluntary entry into drug treatment. The Defendant will also complete the drug treatment program at Tri-County.
On the state's appeal from the departure sentence, the district court of appeal reversed. The court acknowledged that this Court in Barbera v. State, 505 So.2d 413 (Fla. 1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla. 1990), had stated that intoxication or substance abuse can be a clear and convincing reason for downward departure. However, the court pointed out that Barbera had drunk a case of beer before stabbing his victim and that his drunken state was a central factor in a defense-filed psychological report. The district court of appeal interpreted Barbera to mean that:
[W]here competent and substantial evidence reflects that alcohol or drugs, or a combination thereof, so clouded the defendant's mind at the time that he committed the crime as to impair his judgment, but without rising to the level of incompetence or insanity, that factor may support a mitigation of the sentence.
Herrin, 555 So.2d at 1289. Because there was no evidence that Herrin was impaired at the time he purchased the cocaine, the court held that his drug abuse was not a justifiable reason for departure.
This strict interpretation of Barbera conflicts with decisions of other district courts of appeal which have held, often without elaboration, that substance abuse is a valid reason for downward departures from the sentencing guidelines. State v. Winter, 549 So.2d 1170 (Fla. 4th DCA 1989); State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989); State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Salony, 528 So.2d 404 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988); State v. Whitten, 524 So.2d 1114 (Fla. 4th DCA 1988); State v. Francis, 524 So.2d 1172, 1173 (Fla. 4th DCA 1988); State v. Wilson, 523 So.2d 178 (Fla. 3d DCA 1988).
At the outset, we are unwilling to say that substance abuse can only be a valid reason for a downward departure in those cases in which a defendant's mind was impaired by alcohol or drugs at the time the crime was committed. On the other hand, to permit alcohol or drug dependency to justify a downward departure in every case would thwart the guidelines' purpose of providing more uniformity in sentencing.
We believe that the trial judge's sentencing order in this case may provide a reasonable solution. Thus, in addition to concluding that Herrin suffered from substance abuse, the judge pointed out that he was amenable to rehabilitation. In addressing this aspect of the judge's order, the district court of appeal indicated that under extreme circumstances amenability to rehabilitation could justify a downward departure. Herrin, 555 So.2d at 1290. However, the court held that the judge's statement that Herrin was amenable to rehabilitation, without more, was an insufficient reason to support the departure. We note, however, that other courts have permitted downward *922 departures based primarily upon a defendant's potential for rehabilitation. State v. Whiddon, 554 So.2d 651 (Fla. 1st DCA 1989); State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988); State v. Morales, 522 So.2d 464 (Fla. 4th DCA 1988).
For purposes of guidelines departures, we believe that a defendant's substance abuse must be considered together with his or her amenability to rehabilitation. Except in cases such as Barbera where the alcohol substantially impaired the defendant's mind when the crime was committed, we hold that substance abuse, standing alone, cannot justify a departure. There must also be a finding based upon competent substantial evidence that if the defendant's sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful. Expert testimony on the subject would be helpful but is not mandatory where there is other evidence to support the conclusion.
We believe the evidence in Herrin's case meets this criteria. Herrin had a dependency upon drugs, but the fact that he abstained from drugs for a substantial period of time following treatment at the rehabilitation center indicates a reasonable possibility of rehabilitation. The fact that he was seeking further treatment by the time of his sentencing corroborates this conclusion. Moreover, it is significant that the crime he committed was for the purpose of obtaining the drugs for his own use rather than selling them to someone else. Thus, he was not inflicting harm upon others in order to feed his addiction.
We approve the downward departure in Herrin's case. In so doing, we do not suggest that trial judges are under any compulsion to provide downward departures when substance abuse is involved. A trial judge may always impose a sentence within the range of the guidelines. However, in those instances where substance abuse and the amenability to rehabilitation both exist, the judge retains the discretion to impose a sentence below the range of the guidelines.
We vacate the decision below and remand with directions to reinstate the sentence originally imposed by the trial judge.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.