# STATE OF FLORIDA v WASHINGTON

## Case No. 91-01133 (L.T. Case No. 90-23194)

Seventeenth Judicial Circuit, Broward County

October 14, 1991

### APPEARANCES OF COUNSEL

**Carol Cobourn Asbury,** Assistant Attorney General, for plaintiff.
**Cherry Grant,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### *ORDER CORRECTING SENTENCE*

This matter is before the Court pursuant to relinquishment of jurisdiction by the Fourth District Court of Appeal. This Court heard argument from counsel for the state and for the accused on October 11, 1991.

On November 11, 1990, Mr. Washington was arrested for delivery of cocaine. Arraignment occurred on December 10, 1990. While trial in case number 90-2314 CF 10 (delivery of cocaine) was pending, Mr. Washington was arrested, on January 26, 1991, in reference to case number 91-1860 CF 10, for offering to sell a counterfeit of a controlled substance. Arraignment on this new charge occurred on February 20, 1991. The Office of the Public Defender of this judicial circuit was assigned to represent Mr. Washington in both cases.

On April 5, 1991, the Court received evidence addressing Mr. Washington's substance abuse pursuant to the disease of addiction, the extent to which he was under the influence of narcotics at the time he committed the crimes charged in both cases, and the scope of his rehabilitation efforts since his arrest and subsequent incarceration. When all testimony had been presented, and both sides had advanced their arguments, the court determined Mr. Washington was entitled to downward departure from the disposition recommended by the sentencing guidelines. Mitigation of the applicable guidelines was predicated upon a finding by the Court Mr. Washington qualified for relief under *Barbera v State,* 505 So.2d 413 (Fla. 1986), and *Herrin v State,* 568 So. 2d 920 (Fla. 1990).

In keeping with the spirit and the letter of *Barbera* and *Herrin,* both *supra,* the Court imposed, in relevant part, the following sentences:

*Case No. 90-23194 (Delivery of Cocaine):* 5 ½ years confinement in the Department of Corrections with credit for 120 days time served, prison sentence stayed and suspended. In lieu of confinement in the Department of Corrections, Defendant was placed upon probation for eight years with, among others, the special condition he be confined in the Broward County Stockade for 364 days with credit for 120 days served prior to sentencing.

*Case No. 91-1860 (Offering to Sell a Counterfeit Substance):* Same sentence as imposed in case number 90-23194.

Disgruntled with what it deemed a lenient sentence predicated upon an improper downward departure from sentencing guidelines, the state timely filed a Notice of Appeal. The primary issue briefed by the state is its contention this court erred when it stayed and suspended a period of incarceration in the Department of Corrections and, in lieu thereof, placed Mr. Washington on probation with certain special conditions.

The Fourth District Court of Appeal relinquished jurisdiction to this Court for the purpose of this Court clarifying its intention when sentence was originally imposed. Confusion seems to rest upon an

190

apparent combining of sentencing alternatives described in *Poore, supra.*

In sum, *Poore* describes five sentencing alternatives available under Florida law, i.e.:

1. A period of confinement

2. A "true split sentence" consisting of a period of confinement with a portion thereof suspended and placement of the defendant upon either probation or community control for the suspended portion of confinement

3. A "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation

4. A "Villery" sentence consisting of a period of probation with a period of confinement as a special condition of probation *(Villery v Florida Parole & Probation Comm'n,* 396 So.2d 1107 (Fla. 1981)

5. Straight probation

The sentence imposed in this case is a combination of alternatives two and four. The complication generated by such amalgamation is demonstrated by the possible consequences should the defendant violate any portion of the probationary period. If this is a "true split sentence" (alternative number one), the sentencing judge may not order a new incarcerative period in excess of the remaining balance of the confinement originally imposed and withheld. If this is a "Villery" sentence (alternative number four), the sentencing judge may impose any sentence allowed at the original time of sentencing, less any time served and subject to sentencing guidelines. *Poore, supra.* Having had the opportunity to review the sentence here imposed, this Court acknowledges the confusion endemic in the original pronouncement.

The sentence imposed in this case was devised to achieve several goals, all of which are of equal importance:

1. Dislodging the defendant from the vicious cycle of substance abuse, arrest, confinement, release and return to substance abuse (a goal which, according to his record since April 5, 1991, has been met).

2. Conservation of scarce tax dollars since the cost of incarceration far exceeds the cost of supervision through either probation or community control.

3. Prevention of commission of future crimes while under the influence of narcotics or alcohol. Statistics furnished by the Florida Department of Law Enforcement clearly demonstrate the incidence

191

of crime is directly correlated to the incidence of substance abuse.

4. Meeting the need of society for punishment when one violates the law.

Although the prison commitment of five and one-half years for the third degree felony in case number 90-23194 is blatantly illegal, the state didn't see fit to brief this matter in its submission to the appellate court. Apparently, the state is of the opinion an illegal sentence in excess of the statutory maximum is not worthy of its attention, a position which seems contrary to ethical standards applicable to prosecuting attorneys and the Office of the Attorney General! HOW SAD IT IS THE STATE WASN'T INTERESTED IN CLARIFYING THE NOW ADMITTED CONFUSION AND CORRECTING THE CLEARLY ILLEGAL SENTENCE OF INCARCERATION FOR A PERIOD OF TIME IN EXCESS OF THE STATUTORY MAXIMUM.

One can only conclude the attitude of the prosecuting attorneys and Assistant Attorney General in this case is "lock'em up, regardless of whether the sentence is legal so long as the sentence is stiff"! Such attitude contributes to prison overcrowding and unnecessary waste of limited judicial resources. At a time when budget cuts mandate unpaid, involuntary furloughs by prosecutors, public defenders and related court personnel, one would think the state would be seeking ways to conserve funds rather than use them unnecessarily.

In its initial brief to the Fourth District Court of Appeal, the state wrote:

(T)he record in (sic) clear that the Appellee has a better chance of staying drug free in prison than he does on the streets. The writer of the state's brief, and all prosecuting attorneys, would be well served to wake up to reality. As so eloquently and distressingly revealed by the series of articles appearing in *The Miami Herald* on October 6-8, 1991, a Florida prison is the last place a drug abuser is likely to find rehabilitation. The undersigned judge has been involved with the criminal justice system since 1959 and is unaware of any reduction in the proliferation of illegal substances in Florida's prisons in such period of time.

For the reasons set forth above, the Clerk of Court is ORDERED to correct Mr. Washington's sentences to read as follows:

1. Case No. 90-23194 CF 10:

confinement in the Broward County Stockade for 364 days (credit for 120 days time served) followed by seven years probation

2. Case No. 91-1860 CF 10:

 Confinement in the Department of Corrections for five years (credit for 120 days time served); stay and suspend confinement in the Department of Corrections and, in lieu thereof, serve five years of probation commencing April 5, 1991.

3. All other special terms and conditions of probation pronounced on April 5, 1991, shall remain in full force and effect except as herewith modified.

The premises considered, the foregoing shall be

DONE and ORDERED this 14th day of October, 1991, *nunc pro tunc* April 5, 1991, in Chambers, at Fort Lauderdale, Broward County, Florida.