PER CURIAM.
The State appeals a downward departure sentence imposed on Jamie Fields, defendant below.
*982 Defendant pled no contest to robbery with a weapon and use of a weapon in commission of a felony. The trial court imposed a downward departure sentence of 364 days incarceration, followed by 18 months probation, in lieu of the 9 to 12 years guidelines range. One of the court’s two reasons for departure was: “drug problem contributing to offense and amenable to treatment....”
While the stated reason can be a valid basis for a downward departure sentence,
substance abuse, standing alone, cannot justify a departure. There must also be a finding based upon competent substantial evidence that if the defendant’s sentence is reduced in order to permit treatment for the dependency, there is á reasonable possibility that such treatment will be successful. Expert testimony on the subject would be helpful but is not mandatory where there is other evidence to support the conclusion.
Herrin v. State, 568 So.2d 920, 922 (Fla.1990); see also State v. Greene, 575 So.2d 787 (Fla. 3d DCA 1991).
In the present case there is no such record evidence. The court ordered an evaluation of defendant to be performed after sentencing, but did not have the benefit of that evaluation at sentencing. Further, there are no other facts in this record which would satisfy the Herrin test.
The trial court’s second reason for a departure sentence was that the victim was “committing illegal act at time of offense.” The victim in this case was robbed while attempting to purchase drugs. We agree with the State that the second departure reason is invalid.
The downward departure sentence must be reversed and the cause remanded. Defendant must be given an opportunity to withdraw his plea. This ruling does not preclude the possibility of reimposition of a downward departure sentence if the test set forth by Herrin is satisfied.
In view of this disposition we need not reach the State's other point on appeal, except to say that the standard as to whether to impose a habitual offender disposition is set forth in paragraph 775.-084(4)(c), Florida Statutes (1991). See also Henry v. State, 581 So.2d 928, 929-30 (Fla. 3d DCA 1991) (where habitual offender disposition is appropriate, trial court has discretion as to length of sentence).
Reversed and remanded for further proceedings consistent herewith.