645 So.2d 140 (1994)
STATE of Florida, Appellant,
v.
Tony GORDON, Appellee.
No. 94-1304.
District Court of Appeal of Florida, Third District.
November 16, 1994.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
HUBBART, Judge.
The state appeals a sentence which departs downward from the sentencing guidelines based on a "drug deviation." We have jurisdiction to entertain this appeal and reverse. § 924.07(1)(i), Fla. Stat. (1993).

*141 I
In this case, the defendant Tony Gordon (1) entered a plea of nolo contendere to two felonies committed on February 11, 1994: (a) unlawful sale or delivery of cocaine, and (b) unlawful possession of cocaine, and (2) admitted violating his community control on two prior cases by committing the above two felonies; he was sentenced to concurrent sentences of 364 days in the county jail with a referral to T.A.S.C., a county-sponsored drug rehabilitation program. The sentencing guidelines for these offenses called for a sentencing range between 32.55 months to 54.25 months in the state prison; the sole reason given by the trial court for this downward departure from the sentencing guidelines, as stated on the guidelines scoresheet, is "drug deviation." This disposition was arrived at pursuant to a plea agreement between the defendant and the trial court  and was expressly objected to by the state. See Brown v. State, 245 So.2d 41, 44 (Fla. 1971).
The sole evidence adduced below in support of this downward departure from the sentencing guidelines was the following colloquy between the trial court and the defendant:
"THE COURT: Had you previously had a drug problem prior to being incarcerated?
In February were you using drugs?
THE DEFENDANT: Yes, sir.
THE COURT: What type?
THE DEFENDANT: Cocaine.
THE COURT: How often were you using drugs?
THE DEFENDANT: Seven days a week.
THE COURT: How long a period of time had you been using that often?
THE DEFENDANT: Probably the last five years.
THE COURT: Are you amenable to treatment for the problem as a part of your sentence, participating in the T.A.S.C. drug treatment?
THE DEFENDANT: Yes, sir. I need it, sir.
THE COURT: You're ready to comply with whatever they request of you?
THE DEFENDANT: Yes, sir.
THE COURT: As far as helping the drug problem?
THE DEFENDANT: Yes, sir."
T.6.

II
The law is clear that where alcohol or substance abuse substantially impairs the defendant's mind at the time of the commission of the offense for which the defendant is subsequently convicted, such alcohol or drug intoxication constitutes a sufficient reason for a trial court to depart downward from the sentencing guidelines. Absent such a showing of intoxication, however, alcohol or substance abuse cannot justify a downward departure from the sentencing guidelines  unless an additional showing is made that the defendant is a fit subject for becoming rehabilitated from alcohol or drug dependence in an alcohol or drug treatment program in which the defendant is placed as part of the sentence. Herrin v. State, 568 So.2d 920 (Fla. 1990); Barbera v. State, 505 So.2d 413 (Fla. 1987). As the Florida Supreme Court stated in Herrin:
"Except in cases such as Barbera where the alcohol substantially impaired the defendant's mind when the crime was committed, we hold that substance abuse, standing alone, cannot justify a departure. There must also be a finding based upon competent substantial evidence that if the defendant's sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful. Expert testimony on the subject would be helpful but is not mandatory where there is other evidence to support the conclusion."
568 So.2d at 922.
We conclude that the defendant's abbreviated testimony below does not, as urged, establish that the defendant was under the influence of cocaine at the time he sold and possessed cocaine on February 11, 1993; indeed, the trial court made no such finding. Although the defendant stated that he had a daily cocaine habit for the past five years, there is no evidence as to how much cocaine he had on February 11, 1993 or when it was ingested or that he was "high" on *142 drugs at the time of the alleged offenses. Nor does this testimony establish that the defendant is a fit subject for drug rehabilitation; and, again, the trial court made no such finding. Surely, the perfunctory, unexplained word of the defendant below facing a potential prison sentence does not, without more, constitute proof by a "preponderance of the evidence," § 921.001(4)(a)(6), Fla. Stat. (1993), that there is a reasonable possibility that drug treatment will break his admitted five-year, daily cocaine habit. Without delving into why this is self-evidently true, suffice it to say that there must be some additional showing that reasonably indicates that the defendant has the potential to reverse his/her prior life of drug addiction and is otherwise sincere in a desire to live a drug-free life. In particular, where, as here, the purpose of the downward departure from the sentencing guidelines is to allow the defendant to obtain treatment in a drug rehabilitation program, it would seem essential either that the defendant already be in the program as was true in Herrin or that there be a evaluation by a representative of the program indicating that the defendant will be accepted in the program as a suitable candidate for drug treatment. It is therefore clear that the trial court erred in departing downward from the sentencing guidelines, that the sentence under review must be reversed, and that the defendant must be given an opportunity to withdraw his nolo contendere plea as the plea bargain involving the departure cannot now be carried out. The state's remaining habitual offender point is therefore moot and we do not consider it.
We are not unmindful of the trial court's heavy trial calendar in which many cases must be disposed of with the dispatch revealed by this record, often pursuant to plea negotiations. Moreover, the trial court was no doubt influenced in its dispatch by the fact that a tenth of a gram of cocaine was involved in the alleged drug sale  which, when compared to other more serious drug cases on the court's docket, may have arguably appeared minor. Nonetheless, a departure downward from the sentencing guidelines, not otherwise pursuant to a plea bargain between the defendant and state, based on the defendant's drug dependence must follow certain guidelines in order to be valid  and, unfortunately, those guidelines were not followed in this case. Upon remand, however, after the defendant's nolo contendere plea is withdrawn, we do not preclude the trial court, upon a proper conviction, from resentencing the defendant to the same sentence as was imposed below, providing a proper drug use showing is made for a downward departure from the sentencing guidelines as explained in this opinion.
The sentence under review is reversed, and the cause is remanded to the trial court with directions (1) to allow the defendant to withdraw his nolo contendere plea, and (2) to conduct further appropriate proceedings in the case thereafter.
Reversed and remanded.