664 So.2d 1072 (1995)
STATE of Florida, Appellant,
v.
Robert L. LEMON, Jr., Appellee.
No. 95-01253.
District Court of Appeal of Florida, Second District.
December 1, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph Hwan-Yul Lee, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, State of Florida, challenges the trial court's order sentencing appellee, Robert L. Lemon, Jr., below the recommended guidelines sentence on the basis that he receive treatment for his drug addiction while incarcerated. We agree that there was no evidence that Lemon was amenable to rehabilitation and reverse his sentence.
Lemon was charged in two separate cases, each case containing charges of two counts of possession of cocaine and two counts of the sale of cocaine. He initially pled not guilty to all charges. Subsequently he changed his plea to nolo in exchange for a sentence of one year in the county jail, based upon the state's original recommendation that he be sentenced to eighteen months incarceration in state prison or one year in the county jail or two years community control on the first of *1073 the two cases. At the change of plea hearing, however, the state informed the court that the offer initially made to Lemon did not include the offenses charged in the second case and that once those additional charges were scored, a mandatory prison term would result. The trial court, however, accepted Lemon's nolo plea and sentenced him on both cases to one year in county jail with drug treatment on each charge, all charges to run concurrent with each other.
Alcohol or substance abuse that does not substantially impair a defendant's mind at the time of the commission of the offense for which he is convicted cannot justify a downward departure unless a showing is made that the defendant is amenable to rehabilitation in an alcohol or drug treatment program in which he is placed as part of his sentence. Herrin v. State, 568 So.2d 920 (Fla. 1990); State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla. 1995). The record does not indicate that Lemon was under the influence at the time the offenses were committed, and the trial judge made no such finding. There was also no testimony indicating Lemon was amenable to rehabilitation. Herrin; Gordon; State v. Grononger, 615 So.2d 869 (Fla. 4th DCA 1993). Therefore, we reverse appellant's sentence and remand for resentencing within the guidelines. On remand, Lemon should be given the opportunity to withdraw his plea.
PARKER and QUINCE, JJ., concur.