676 So.2d 1035 (1996)
STATE of Florida, Appellant,
v.
Antoine SCAIFE, Appellee.
No. 95-1741.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellant.
No appearance for Appellee.
PETERSON, Chief Judge.
The State of Florida appeals a downward departure sentence imposed upon Antoine Scaife, a 21 year old who entered a plea of nolo contendere to the charge of committing a lewd act upon a child under the age of 16 in *1036 violation of section 800.04(3), Florida Statutes (1993). Specifically, he and the 15 year old female victim engaged in a relationship evidently approved of by the victim's family. The relationship went beyond the family's approval when it advanced to a sexual relationship, pregnancy and an abortion.
The trial judge was apparently sympathetic to the defendant's plight, departing from the minimum guidelines sentence of 40.8 months, the sentence suggested by the state, and imposing 51 weeks imprisonment followed by five years probation. The trial court's reasons for departing were Scaife's lack of prior felony convictions, her opinion that Scaife and the victim were engaged in a dating situation and her belief that he was not likely again to engage in a criminal course of conduct. Thus, the trial court opined that the ends of justice and the welfare of society did not require that Scaife should suffer the penalty authorized by law.
While this case exemplifies the discretion that should be left with a trial judge to fashion a sentence commensurate with the offense, the applicability of the guidelines in the instant case is clear and the trial court's reasons for a downward departure are clearly inadequate. First, the lack of a prior record is not a proper reason for departing. Sanders v. State, 510 So.2d 296, 297 (Fla. 1987).
Second, the fact that the defendant and the victim were involved in a "dating situation" and by inference were engaged in a consensual sexual relationship is of no consequence because of the language contained in section 800.04(4), Florida Statutes (1993): "Neither the victim's lack of chastity nor the victim's consent is a defense...." State v. Smith, 668 So.2d 639 (Fla. 5th DCA 1996) (key feature of section 800.04 is the irrelevancy of a child's consent to sex, and thus, it is inconceivable that a child's consent could be a basis for downward departure).
Finally, in State v. Sachs, 526 So.2d 48 (Fla.1988), the supreme court held that a downward departure sentence may be based upon a finding that a defendant posed no future threat to society and that his conduct was isolated. The facts of the Sachs case showed that defendant's use of alcohol at the time of the accident (which led to defendant's plea of no contest to charges of manslaughter) was an isolated incident that was not taken into account by the sentencing guidelines nor prohibited by them, and is not an element of the crime itself; therefore, that factor was a valid reason for a downward departure. The facts of that case further showed that there was doubt as to defendant's responsibility for the death of the two victims as well as clear and convincing evidence of actual remorse by the defendant. Both of these reasons were also held to justify a downward departure. No such factors are present in the instant case.
We vacate the downward departure sentence, and remand to the trial court for resentencing within the guidelines.
SENTENCE VACATED; REMANDED.
COBB and THOMPSON, JJ., concur.