DAUKSCH, Judge.
Appellant was convicted of possession and sale of cocaine. He was given a sentence which departed downwards from the guidelines. Given as the reason for the departure was
Based on the testimony of the Defendant at sentencing wherein the Court observed the Defendant as well as the exhibits (Court Exhibits 1 and 2), the Court finds that there is a showing which reasonably indicates that the defendant has the potential to reverse his past life of drug addiction, and is sincere in his desire to live a drug free life and the defendant is amenable to rehabilitation.
This basis is inadequate. The defendant was convicted of having sold drugs some four years after, he said, he gave up the use of drugs for himself. Thus, although he may still fall within the definition of “addict,” because once an addict, always an addict, he was still dealing the drugs. Whether he can “reverse his past life of drug addiction” is irrelevant. He said he did not use drugs for four years, he just sold them.
The reason given by the judge was probably meant to be the statutory mitigator 921.0016(4)(d), Florida Statutes (1995) which says
921.0016 Recommended sentences; departure sentences; aggravating and mitigating circumstances.
* * * * * *
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
* ⅜ * ⅜ * ⅜
(d) The defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment.
It is our decision that this mitigator is inapplicable here because appellant is not in need of the treatment if he is not doing drugs, but only selling them. Also, there is no “treatment” for drug pushers, only those who use them. We vacate the sentence and remand for a sentence within the guidelines.
SENTENCE VACATED, REMANDED.
COBB and HARRIS, JJ., concur.