698 So.2d 647 (1997)
STATE of Florida, Appellant,
v.
Jeffrey S. HILL, Appellee.
No. 96-2580.
District Court of Appeal of Florida, Fifth District.
September 5, 1997.
*648 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, Judge.
The state appeals the downward departure sentence imposed after Jeffrey Hill pled nolo contendere to selling crack to an undercover officer. The court's written reasons for departure were that Hill's offense is a controlled substance offense and that Hill is amenable to treatment/rehabilitation. See § 921.0016(4)(d), Fla. Stat. (Supp.1996). The guidelines recommended a sentence of 31.1 months in state prison, with a minimum of 23.33 months. The trial court, however, sentenced Hill to 51 weeks in the Orange County jail with credit for 231 days time served, followed by 18 months probation. The state argues there is no record support for the court's determination that Hill is amenable to treatment. Further, the state argues that this mitigating factor is inappropriate in Hill's case because he is a drug seller, not a drug abuser. We affirm.
In State v. Williams, 682 So.2d 1245 (Fla. 5th DCA 1996), this court found amenability to treatment an inappropriate mitigator where the defendant, convicted of possession and sale of cocaine, was selling drugs but not using drugs. Id. at 1246. We so held because the defendant had ceased using drugs four years before the conviction and was therefore not in need of treatment. Id. The holding in Williams is not controlling in the instant case. Hill was selling crack to support his habit the day he was arrested. Thus, unlike the scenario in Williams, there was evidence that Hill was using drugs when convicted of selling crack.
To justify departure for the reasons expressed by the trial court in this case, the court must find both substance abuse and the defendant's amenability to treatment. Herrin v. State, 568 So.2d 920, 922 (Fla.1990). The supreme court defines "amenability" as a reasonable possibility that drug treatment will be successful. Id. Any such finding must be supported by competent substantial evidence. Id. Hill's testimony that he has used drugs on and off for 17 years and that he was selling crack to support his habit sufficiently shows substance abuse. In addition, at the time of sentencing, the trial court had a letter from a drug treatment program called "the Bridge" which stated that Hill "could benefit from the intensive in-patient program." This evidence supports the court's determination that Hill would be amenable to treatment/rehabilitation.
AFFIRMED.
COBB, J., concurs.
ANTOON, J., concurs specially with opinion.
ANTOON, Judge, concurring specially.
I concur with the result reached by the majority. However, I do not agree that the supreme court has defined the term amenability to drug treatment as meaning the reasonable possibility that drug treatment will be successful. Instead, I read Herrin v. State, 568 So.2d 920 (Fla.1990), as permitting the trial court to depart downward from a guideline sentence when the defendant is amenable to drug treatment and there is a reasonable possibility that such treatment will be successful. See State v. Traster, 610 So.2d 572 (Fla. 4th DCA 1992).
Here, at sentencing, the state agreed that evidence supporting a downward departure could be proffered by Hill's attorney. Although vague, Hill's attorney described Hill's efforts to rehabilitate himself while incarcerated. The record also reflects that the trial court had received and reviewed a letter *649 from a drug rehabilitation facility which indicated that Hill could benefit from its program. Based upon this record, the trial court did not abuse its discretion in concluding that Hill was amenable to treatment and that there was a reasonable possibility that such treatment would be successful. Accordingly, I agree that the sentence should be affirmed.