715 So.2d 298 (1998)
STATE of Florida, Appellant,
v.
Larry BOSTICK, Appellee.
No. 97-2865.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*299 Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellee.
STEVENSON, Judge.
The State of Florida appeals the sentence of community control and participation in a drug rehabilitation program imposed upon appellee following his plea of guilty to one count of delivery of cocaine. The sentencing guidelines called for a prison sentence of 22.3 to 37.2 months. We reverse the downward departure sentence as it was imposed without written reasons and without a sufficient evidentiary basis in the record.
This case does not involve a plea offer from the State; rather, prior to entry of the plea, appellee indicated his desire for drug treatment, and the trial judge said that she would be willing to place appellee in the Spectrum drug program with community control. With this assurance, appellee pled guilty to delivery of cocaine.
The departure sentence in this case was most likely based on section 921.0016(4)(d), Florida Statutes (Supp.1996), which permits a downward departure where "[t]he defendant requires specialized treatment for addiction, mental disorder, or physical disability, and is amenable to treatment."[1] To justify a departure under this provision, however, the court must receive competent substantial evidence that the defendant is indeed amenable to treatment. See Herrin v. State, 568 So.2d 920 (Fla.1990). The defendant's word alone is insufficient to establish that he is a suitable candidate for drug rehabilitation. See State v. Gordon, 645 So.2d 140, 142 (Fla. 3d DCA 1994). On remand, appellee must be allowed to withdraw his plea or be sentenced under the guidelines. Of course, this opinion does not preclude the trial judge, following an adjudication of guilt, from resentencing appellee to the same sentence initially imposed so long as the evidentiary requirements discussed herein are met. See id.
We reject appellee's argument that the supreme court's decision in Pease v. State, 712 So.2d 374 (Fla.1997), mandates an affirmance. Under Pease, once it is established on appeal that valid reasons for mitigation were established and explicated at the time of sentencing, the trial court's failure to file its written reasons for the departure is properly remedied with a simple remand to the trial court to supply the missing written reasons. Pease does not require the appellate court to affirm a departure sentence where, *300 as here, the trial court never heard sufficient evidence to justify the departure since, in such a case, there is no "valid reason" for departure. See State v. Licea, 707 So.2d 1155, 1157 (Fla. 2d DCA 1998).
REVERSED and REMANDED.
STONE, C.J., and TAYLOR, J., concur.
NOTES
[1] Had appellant committed his offense on or after July 1, 1997, rather than 10 days earlier, on June 20, 1997, his drug dependency would not provide a basis for mitigation. See § 921.0016(4)(d), (5), Fla. Stat. (1997).