LABARGA, JORGE, Associate Judge.
The state appeals a downward departure sentence for the offense of trafficking in cocaine. In October 1995, the appellee, Joel Nelson,.- pled no contest to the charge of trafficking in cocaine and was adjudicated guilty. The trial court placed the appellee on community control for two . years to be followed by six years of probation. One of the conditions of community control was that the appellee successfully complete a drug rehabilitation program.
In February 1997, the appellee’s community control officer filed an affidavit alleging that the appellee had violated his community control by failing to pay his costs of supervision and by failing to remain confined to his residence on several occasions. Thereafter, the appellee entered‘a guilty plea to some, but not all, of the alleged violations.
The recommended sentence pursuant to the sentencing guidelines was four and one-half years, and a permitted sentence range from three and one-half to seven years. The court sentenced the appellee to a downward departure sentence of 364 days in the Bro-ward County jail with credit for time served. As reasons for the downward departure, the trial court noted the appellee’s completion of a drug treatment program, his lack of a record, and the unlikelihood that he will commit another crime.
Lack of a prior record and unlikelihood of committing another crime have been rejected as reasons for a downward departure. See Sanders v. State, 510 So.2d 296 (Fla.1987) (the lack of a prior record is not a proper reason for departing); State v. Scaife, 676 So.2d 1035 (Fla. 5th DCA 1996) (the trial judge’s belief that defendant was not likely to engage in criminal conduct again was not sufficient reason for departure).
The trial court, relying on Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990), also considered the ap-pellee’s completion of a drug treatment program as a valid reason for the downward departure. In Barbera,[1] however, the supreme court merely stated that a departure could be justified if a defendant’s mind was “substantially impaired” by alcohol of narcotics during the commission of the crime charged. Thus, pursuant to Barbera, even in the absence of record evidence that a defendant is amenable to rehabilitation, where alcohol or narcotics substantially impaired the defendant’s mind when the crime was committed, a downward departure is permitted. See, e.g., State v. Burgos, 613 So.2d 588, 590-91 (Fla. 4th DCA 1993); State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994) (downward departure not justified on the basis of substance abuse where defendant’s testimony established that he had daily cocaine habit for five years, but no showing was made that *1047 he was under the influence of cocaine when he committed the offenses). On the other hand, in Herrin v. State, 568 So.2d 920 (Fla.1990), the supreme court held that, except in cases such as Barbera, where the defendant’s mind is impaired during the commission of the crime, substance abuse alone cannot justify a departure. There must also be a finding based upon competent and substantial evidence that if the appellee’s sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful. Id. at 922. Thus, the trial court would have been justified in its downward departure in the case sub judice if it found that the appellee either was substantially impaired when he committed the original offense, or he has a substance abuse problem that reasonably could likely be successfully treated if the sentence is reduced in order to accommodate such treatment. Because the trial court failed to issue a contemporaneous written order which included these findings, we remand for further proceedings to determine, based upon competent and substantial evidence, whether either factor applies.
KLEIN and TAYLOR, JJ., concur.

. It should be noted that the Florida legislature, in direct response to Barbera, enacted § 921.0016(5), Fla. Stat. (1997), effective July. 1, 1997, which provides that "[a] defendant’s substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines.” Since the offense in the case sub judice was committed prior to the effective date of the aforementioned statute, it cannot be retroactively applied to the appellee and the reasoning of Barbera can be considered by the trial court. See State v. Colbert, 660 So.2d 701 (Fla.1995); State v. Clary, 694 So.2d 108 (Fla. 5th DCA 1997).