COBB, Judge.
The state challenges the entry of a downward departure sentence by the trial court for the appellee, Kinsman, who had pled guilty to burglary and petit theft. The basis for the departure sentence, as stated by the trial court, was that Kinsman was addicted to alcohol and should receive treatment. The state contends that there was insufficient record evidence to support the court’s determination that Kinsman had a substance abuse problem at the time the offense was committed and, moreover, the trial court failed to make any finding that Kinsman was amenable to treatment. See State v. Hill, 698 So.2d 647 (Fla. 5th DCA 1997).
We must agree with the state. The trial court based its decision upon a single prior DUI conviction in 1996 and Kinsman’s statement to the court that he was drinking at the time of the instant offenses. Kinsman never acknowledged being an alcoholic or stated that he was seeking treatment for addiction. As contended by the state, the trial court made no finding that Kinsman was amenable to treatment, and there was insufficient record evidence to support such a finding had it been made. See Herrin v. State, 568 So.2d 920 (Fla.1990) and State v. Traster, 610 So.2d 572 (Fla. 4th DCA 1992).
REVERSED AND REMANDED FOR ENTRY OF A GUIDELINE SENTENCE.
W. SHARP and GOSHORN, JJ., concur.