724 So.2d 630 (1998)
STATE of Florida, Appellant,
v.
Randy Bruce NORRIS, Appellee.
No. 98-528
District Court of Appeal of Florida, Fifth District.
December 31, 1998.
*631 Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, J.
The state appeals a downward departure sentence rendered in this case. Norris was charged and convicted of burglary of a dwelling and five counts of dealing in stolen property,[1] after entering a plea of no contest. Norris also pled guilty to violating his probation from a 1996 case for dealing in stolen property.[2] The written plea agreement states that the plea is an open plea subject to no agreement as to sentence. The trial judge accepted the plea, adjudged Norris guilty, but because the trial judge concluded Norris' thought process had been impaired due to his substance abuse problems, he sentenced Norris to a downward departure sentence. We reverse.
The trial judge sentenced Norris to 70 months in prison but suspended the sentence and placed Norris on probation. He required Norris to attend a 6-month residential drug program. He stated as a basis for his departure sentence that Norris' thought process was impaired at the time of the crime and that he was willing to give Norris a "shot at rehabilitation." The sentencing guidelines based on Norris' sentencing scoresheet provided a sentence of 64 months in prison at the low range and 100 months at the high range.
Although the trial judge acknowledged that the Legislature has now taken away the defendant's right to claim impairment because of drug use or abuse, nevertheless he concluded that Norris' impaired thought process could constitute a mitigating circumstance. We disagree.
Section 921.0016(4)(c), Florida Statutes (1997) provides that mitigating circumstances which may justify a departure include:
The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law while substantially impaired.
However, the only basis in this record to support the claim that Norris was impaired was his own drug addiction.
Although earlier versions of the guidelines provided that drug addiction could be a basis for departure,[3] the Legislature amended section 921.0016 to remove drug addiction as a basis for a downward departure.[4] *632 Effective July 1, 1997, amended section 921.0016 provides as follows:
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
* * *
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
* * *
(5) A defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines. (emphasis added)
Since the crimes in this case occurred in August and September of 1997, the revised version of the guidelines is applicable. In these amendments, the Legislature has clearly stated that a defendant's drug addiction may not under any circumstances justify a downward departure. Thus the departure sentence in this case must be reversed. See State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998).
The state has suggested that on remand a sentence within the guidelines should be imposed on Norris, or he should be allowed to withdraw his plea. A defendant is entitled to withdraw a plea if, following the plea agreement, the trial court is not able to adhere to the provisions of the plea agreement. See Goins v. State, 672 So.2d 30 (Fla.1996). However, in this case the plea was an open plea to the court with no agreement for a sentence. At the plea hearing, the court even asked Norris whether he understood that by entering his plea he was running a serious risk and that there was a wide variance in the high and low sentencing range. Nonetheless, Norris decided to enter his plea.
In these circumstances, there is no reason to allow Norris to withdraw his plea. On remand, Norris should simply be given a guidelines sentence. Accordingly, we vacate the sentence and remand for resentencing.
Sentence VACATED; REMANDED for Resentencing.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] § 810.02(3), Fla. Stat.
[2] § 812.019(1), Fla. Stat.
[3] See, e.g., § 921.0016 (1996); Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990).
[4] State v. Nelson, 715 So.2d 1045 (Fla. 4th DCA 1998).