763 So.2d 1171 (2000)
STATE of Florida, Appellant,
v.
Robert Edgar McLAREN, Appellee.
No. 99-0972.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1172 Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellant.
Gordon S. Richstone, West Palm Beach, for appellee.
STEVENSON, J.
Appellee, Robert McLaren, pled guilty to four counts of aggravated assault with a deadly weapon and one count of criminal mischief stemming from an incident where appellee got into his vehicle and proceeded to chase and "ram" a car in which four people were riding. Over the State's objection, the judge sentenced McLaren to a downward departure sentence of five years drug offender probation with the condition that appellee complete residential treatment through the Drug Abuse Foundation. The trial court ordered the downward departure because of appellee's drug problem and the "victim's letters" which all asked for leniency for appellee due to his drug addiction (the victims were acquaintances of appellee). We reverse appellee's sentence because none of the written reasons relied on by the trial judge were valid grounds for departure from the sentencing guidelines.
Although earlier versions of the statute provided that drug addiction could be a basis for departure, the legislature amended section 921.0016 to remove drug addiction as a basis for downward departure effective July 1, 1997. See § 921.0016(4)(d), (5), Fla. Stat. (1997); State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998). The question of whether a victim's request for leniency can be a proper reason for a departure sentence is an open issue since the specific reasons enumerated in the statute are not intended to be exhaustive. See § 921.0016, Fla. Stat.; State v. Powell, 696 So.2d 789, 791 (Fla. 2d DCA 1997)(finding it unnecessary to decide the "difficult issue" of whether a victim's request for leniency could ever justify a departure sentence since other valid reasons existed to support the departure); State v. Ussery, 543 So.2d 457 (Fla. 5th DCA 1989)(holding that a victim's request for downward departure is invalid as a matter of law). Cf. Banks v. State, 732 So.2d 1065, 1069 (Fla.1999)(finding that the victim's wishes are "relevant" but that a trial court may enter a downward departure over the victim's objections since "it is the judge, not the victim, who must weigh society's competing needs"). Nevertheless, even if a trial judge could rely on a victim's request for leniency in order to justify a downward departure from the guidelines, it would be improper to do so in this case since all of the entreaties for leniency here were based on appellee's substance abuse troublesa reason which the legislature has already determined cannot justify departure. To allow this type of victim input to justify the trial court's downward departure from the guidelines would sanction an end-run around clearly expressed legislative intent.
Accordingly, we vacate the departure sentence. Because the trial judge advised appellee prior to the entry of the plea that he would send him to drug treatment if appellee pled guilty, we remand for the trial judge to permit appellee to withdraw his plea or, if appellee declines to withdraw the guilty plea, for the imposition of a guidelines sentence.
REVERSED and REMANDED.
WARNER, C.J., and GROSS, J., concur.