TAYLOR, J.
The state appeals a downward departure sentence imposed upon remand for resentencing. In State v. Nelson, 715 So.2d 1045 (Fla. 4th DCA 1998), rev. denied, 729 So.2d 394 (Fla.1999), the state appealed a downward departure sentence imposed after the defendant entered an open guilty plea to violations of community control. We remanded this case for the trial court to conduct further proceedings to determine whether the valid reasons given by the trial court for departure, i.e., Barbera or drug treatment, were supported by competent substantial evidence. We noted that the downward departure sentence based on these reasons could be justified if the trial court found that the defendant was either substantially impaired when he committed the original offense, consistent with Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds in Pope v. State, 561 So.2d 554 (Fla.1990), or that the defendant had a substance abuse problem that reasonably could be treated if the sentence were reduced to accommodate such treatment, in accordance with Herrin v. State, 568 So.2d 920 (Fla.1990).[1]
On remand, Nelson testified that at the time of his original sentence he was using cocaine and was placed on community control with a special condition that he successfully complete a drug rehabilitation program. At the time of sentencing on his community control violations, he had already successfully completed the drug treatment program. Additionally, he had tested negative for drugs during the eighteen-month period preceding the community control violations. He testified, however, that due to the nature of drug addiction, he had an ongoing drug problem that would require future drug treatment. The defendant did not present evidence of any specific drug treatment that he was undergoing or intended to seek.
The trial judge reinstated the downward departure jail sentence of 364 days with credit for 364 days time served, finding “by substantial convincing evidence that the defendant has a substance abuse problem that reasonably could likely be successfully treated if the sentence is reduced in order to accommodate such treatment.” The court did not order any additional drug treatment as part of the sentence. In this second appeal, the state again argues that the evidence supporting departure was insufficient. Essentially, the state contends that the defendant’s successful completion of a drug program and abstention from drugs for a lengthy period prior to sentencing negate his claim of a *93 current drug abuse problem. It also argues that the defendant produced no independent evidence that he was a suitable candidate for further rehabilitation.
A downward departure must be substantiated by a preponderance of evidence in the record. State v. Traster, 610 So.2d 572 (Fla. 4th DCA 1992). Herrin authorizes a downward departure sentence when a court finds that a defendant has a substance abuse problem and is amenable to treatment. The defendant argues that the court below properly found that he met both criteria. He testified that he had an ongoing drug problem and needed additional treatment notwithstanding his ability to remain drug-free for a substantial period of time. Furthermore, he demonstrated his amenability to treatment by successfully completing a rigorous drug rehabilitation program.
The Herrin court found that expert testimony on the subject of a defendant’s potential for rehabilitation, though helpful, was not mandatory. It held that where there was other evidence to support a reasonable possibility that treatment would be successful, a departure to permit treatment for the dependency would be justified. In evaluating the evidence presented in Herrin’s case, the court said:
We believe the evidence in Herrin’s case meets this criteria. Herrin had a dependency upon drugs, but the fact that he abstained from drugs for a substantial period of time following treatment at the rehabilitation center indicates a reasonable possibility of rehabilitation. The fact that he was seeking-further treatment by the time of his sentencing corroborates this conclusion.
568 So.2d at 922.
As Herrin, the defendant here abstained from drug use for a substantial period of time following his completion of a drug program. He testified that, notwithstanding remaining drug-free for eighteen months, he still had a drug abuse problem, recognizing that drug addiction is a lifelong affliction that requires ongoing treatment. Unlike Herrin, however, this defendant did not present evidence of any further drug treatment he was seeking at the time of sentencing. Nor did the court place him in a proposed drug treatment program or follow-up plan, such as outpatient therapy or AA/NA meetings, as a part of his sentence.
Other courts have interpreted Herrin as holding that in order to justify a downward departure on drug treatment needs, a showing must be made that the defendant is amenable to rehabilitation in an alcohol or drug treatment program in which he is placed as part of his sentence. State v. Lemon, 664 So.2d 1072 (Fla. 2d DCA 1995); State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla.1995). The third district in Gordon reasoned:
[Wjhere, as here, the purpose of the downward departure from the sentencing guidelines is to allow the defendant to obtain treatment in a drug rehabilitation program, it would seem essential either that the defendant already be in the program as was true in Herrin or that there be a evaluation by a representative of the program indicating that the defendant will be accepted in the program as a suitable candidate for drug treatment.
Id. at 141.
We agree that, because Herrin contemplates a downward departure sentence to permit treatment for a drug dependency, the sentencing court should include some form of future treatment to address a current substance abuse problem as part of its sentence. Thus, when deviating from the guidelines on Herrin grounds, the court should have in mind some specific drug rehabilitation program or other course of treatment for the defendant to follow, rather than rely solely on the defendant’s past successful drug treatment. However, in evaluating the defendant’s chances of being successfully treated in the new drug program ordered, the *94 court can consider the defendant’s past performance in drug rehabilitation programs.
Because there was competent substantial evidence presented on remand to support the trial court’s findings in its written order concerning the defendant’s need for substance abuse treatment and his amenability to treatment, we remand this matter to afford the trial court an opportunity to conduct further proceedings and amend its written order to specify a drug treatment program or plan, if any, it deems suitable for the defendant, or, in the alternative, to impose a sentence within the guidelines.
REVERSED and REMANDED.
WARNER, C.J. and DELL, J., concur.

. Had appellant committed his offense on or after July 1, 1997, his drug dependency would not provide a basis for departure. See State v. Bostick, 715 So.2d 298 (Fla. 4th DCA 1998); § 921.0016(4)(d), (5), Fla. Stat. (1997).