GROSS, J.
Appellee, Harold Fulton, was charged by amended information with two counts of sale of cocaine within 1,000 feet of a place of worship or a convenience business. He pled guilty to both counts, with no agreement as to a specific sentence to be imposed. At the plea conference, the court informed Fulton that each of the counts to which he was entering a plea was a first degree felony punishable by up to thirty years in state prison. The court told the defendant that the minimum sentence he could receive, absent a downward departure, was 70.6 months in the Department of Corrections. Fulton moved for a downward departure sentence based upon his “strong motivation to be rehabilitated” and his “effort to get the help that he needs.”
*1135 The court adjudicated Fulton guilty of both counts. On July 20, 2000, the court sentenced him to concurrent downward departure sentences of one year in the county jail, ordering that he complete the drug farm program during the year and then complete all subsequent residential treatment programs. The court also placed Fulton on probation for eight years. The court based its downward departure on “[c]om-pelling evidence that [Fulton] can be [and] has been rehab[ilitated] from narcotic addi[c]tion in P.B.S.O. Drug Farm” and “[t]he defendant requires specialized treatment for a substance abuse or addiction, and the defendant is amenable to treatment.” The state timely appealed the downward departure sentence.
Section 921.0016, Florida Statutes (2000), was amended effective July 1, 1997 to remove drug addiction or amenability to treatment for addiction as a basis for imposing a downward departure sentence. Section 921.0016 now provides:
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
* * *
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
[[Image here]]
(5) A defendant’s substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines.
See also § 921.0026(3), Fla.Stat. (2000) (providing that defendant’s substance abuse or addiction is not a mitigating factor and “does not, under any circumstances, justify a downward departure from the permissible sentencing range”).
Fulton was sentenced for offenses occurring on October 20, 1999. The only reasons given by the court for the downward departure were invalid under section 921.0016. We therefore reverse the sentence and remand for resentencing within the sentencing guidelines. See State v. Nelson, 780 So.2d 91, 92 n. 1 (Fla. 4th DCA Feb.9, 2000) (noting that had defendant committed the offense on or after July 1, 1997, his drug dependency would not provide a reason for a departure sentence); State v. McLaren, 763 So.2d 1171, 1172 (Fla. 4th DCA 2000) (stating that “[although earlier versions of the statute provided that drug addiction could be a basis for departure, thfe legislature amended section 921.0016 to remove drug addiction as a basis for downward departure effective July 1, 1997”); State v. Norris, 724 So.2d 630, 631-32 (Fla. 5th DCA 1998) (noting that, effective July 1, 1997, section 921.0016 no longer allowed drug addiction as a basis for a downward departure sentence and holding that, because defendant entered an open plea to the court with no agreement for sentence, there was no reason to allow him to withdraw his plea and thus on remand defendant “should simply be given a guidelines sentence”).
REVERSED AND REMANDED.
DELL and STEVENSON JJ„ concur.