659 So.2d 328 (1995)
The STATE of Florida, Appellant,
v.
Lavell PORTER, Appellee.
No. 94-1298.
District Court of Appeal of Florida, Third District.
January 25, 1995.
Rehearing Denied September 13, 1995.
*329 Robert A. Butterworth, Atty. Gen., and Lucrecia R. Diaz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before BARKDULL, GERSTEN and GREEN, JJ.
GERSTEN, Judge.
Appellant, the State of Florida, seeks reversal of appellee, Lavell Porter's, sentence claiming that the trial court erred in departing downward from the sentencing guidelines. We affirm.
Porter, who had several prior offenses, faced sentencing for grand theft. The trial court conducted a sentencing hearing and determined that Porter, "admitted [his drug] problem and says he's ready for help, and I believe that there was drug involvement in the prior cases and that this might be his chance at straightening his life out." The trial court then sentenced Porter below the guidelines.
Substance abuse is a valid reason for downward departure where the substance abuse substantially impaired the defendant's mind at the time the crime was committed, Barbera v. State, 505 So.2d 413 (Fla. 1987), or where there is a finding of substance abuse and an amenability to rehabilitation, Herrin v. State, 568 So.2d 920 (Fla. 1990). See State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988). In determining whether a defendant who abuses drugs is amenable to rehabilitation, this court has recently noted that there must be some showing which "reasonably indicates that the defendant has the potential to reverse his/her prior life of drug addiction and is otherwise sincere in a desire to live a drug-free life." State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994).
Here, the record repeatedly reflects that Porter readily admitted his substance abuse problem. He clearly expressed a strongly motivated desire to rehabilitate himself.
Porter explained that his involvement with crime and his prior convictions resulted from "taking crack and ... drinking the Wild Irish Rose, you have to do what you can to get it. The dope paved a hell of a road for me to get to the point where I am." When asked whether he would be able to benefit from a drug treatment program, Porter responded: "Yes, ma'am, because I need the help... . [R]ight now things are looking beautiful for the reason I'm in a job position. I'm not in the area I can touch [drugs], and I'm on the mercy of the Court. I need the help and I'm willing to go into a program to help myself. I'm not ready to go nowhere unless there's a program." The trial court was aware of Porter's efforts to rehabilitate himself by working at the jail in an area where he would not be exposed to drugs.
Judicial discretion in sentencing involves more than the mere autonomous matching of marks on a guidelines matrix. Judges, after all, are not a race of computers. Because of the humanistic side of judging, compassion has always had an honored place *330 in the administration of justice. This experienced trial judge, moved by the sincerity of the human being before her, left the constrictions of the sentencing guidelines. We are loath to interfere with the trial court's legally sanctioned discretion under Herrin and Barbera. See Marsh v. Marsh, 419 So.2d 629 (Fla. 1982); State v. Fink, 557 So.2d 129 (Fla. 3d DCA 1990).
In conclusion, the trial court's finding that there was a reasonable possibility Porter could achieve his stated desire to rehabilitate himself is supported by competent substantial evidence. Accordingly, we affirm Porter's downward departure sentence based upon the defendant's drug addiction and amenability to rehabilitation.
Affirmed.