PER CURIAM.
The State of Florida appeals the lower court’s imposition of a downward departure sentence. We affirm.
Downward departure from a recommended sentence may be valid where there is a finding of substance abuse and an amenability to rehabilitation. Herrin v. State, 568 So.2d 920 (Fla.1990). Following Herrin, this Court’s recently released opinions of State v. Porter, No. 94-1298, — So.2d - [1995 WL 25764] (Fla. 3d DCA Jan. 25, 1995), and State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994), provide that in determining whether a defendant who abuses drugs is amenable to rehabilitation, there must be some showing that reasonably indicates the defendant has the potential to reverse his or her prior life of drug addiction and is otherwise sincere in a desire to live a drug-free life.
The record shows that the defendant’s life circumstances (a wife and new baby), his potential for steady work, his sincere attitude, and his expressed desire both in the TASC report and in his dialogue with the trial court to get help for his drug problem, meet the Herrin and post-Herrin tests for allowing a downward departure sentence.
Affirmed.