PER CURIAM.
In 1990, Alan Krueger entered pleas of nolo contendere to six counts of lewd assault. The trial court adjudicated Krueger guilty as to all counts and sentenced him to a year and one day of state prison to be followed by fifteen years of probation, with the first two years of probation treated as community control, all sentences to be served concurrently. In November 1991, following affidavits of violation of probation filed by Krueger’s probation supervisor, the trial court determined that Krueger had violated the conditions of his probation by using marijuana and cocaine, by failing to comply with all instructions given to him by his community control officer, and by failing to remain confined to his approved residence. The trial court modified Krueger’s probation by imposing six months of county jail to be followed by one year of community control with thirteen years of probation. Thereafter, in May of 1994, Krueger’s probation supervisor again filed affidavits of violation of probation as to each of Krueger’s cases. After a hearing, the trial court revoked Krueger’s probation. The state here appeals the downward departure sentence the court then ordered. We vacate the sentence and remand for re-sentencing.
The affidavits of violation of probation against Krueger alleged that he had violated his probation by exposing his sexual organs in public and by possessing marijuana. At the hearing which followed, an officer testified that he had observed Krueger behind a line of hedges. As children leaving a nearby school walked and rode by, Krueger had pulled his penis out of his shorts and begun masturbating. A second officer called to the scene confirmed these observations. That officer also explained that subsequent to Krueger’s arrest, the officer had found marijuana in Krueger’s car.
The state pointed out that Krueger had previously violated probation and been given a downward departure sentence. The state recommended a seventeen-year sentence followed by a term of probation. At the sentencing hearing which followed, the state informed the court that Krueger had scored 337 points on his sentencing guidelines score sheet which scored out to 9 to 12 years before probation violation bump-up. The state told the judge that the next cell up placed Krueger in the 12 to 17 year recommended range and 9 to 22 year permitted range and reiterated the earlier recommendation of seventeen years of incarceration.
The trial judge sentenced Krueger to two years of prison to be followed by five years of probation with treatment in a residential program for six months. The two written reasons given by the trial judge for the downward departure sentence ordered were: 1) “Defendant, because of his compulsion or mental illness, has great difficulty conforming his behavior to the requirements of law” and 2) “The defendant requires specialized treatment.”
We find the court’s reasons for the downward departure are not substantiated by a preponderance of evidence in the record, State v. Traster, 610 So.2d 572 (Fla. 4th DCA 1992), and thus, will not support the departure sentence imposed.
As stated above, the first reason given by the trial court was Krueger’s “great difficulty conforming his behavior to the requirements of law.” There was no evidence nor was it argued that Krueger did not appreciate the criminal nature of his conduct. Krueger’s testimony and that of his family asserting Krueger’s “great difficulty conforming ...” is not the same as a demonstrated impairment. There was no evidence, *28 medical or otherwise, of Krueger’s impaired capacity to conform his conduct to the requirements of law.
This particular reason is very similar to one of the factors which is used in the capital punishment law. See § 921.141(6)(f). Because that statutory mitigating factor is basically the same as the downward departure reason under the sentencing guidelines, case law which has been developed under the capital punishment statute is applicable and supportive of our analysis. See Card v. State, 453 So.2d 17 (Fla.), cert, denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984); Mason v. State, 438 So.2d 374 (Fla. 1983), cert, denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Daugherty v. State, 419 So.2d 1067 (Fla.1982), cert, denied, 459 U.S. 1228,103 S.Ct. 1236, 75 L.Ed.2d 469 (1983).
Most criminals, no doubt, have great difficulty conforming their behavior to the requirements of law. This difficulty is the exact reason they find themselves being sentenced for their criminal activity. Sentences based on the observation of such a difficulty would make a nullity of the uniformity the guidelines are aimed at achieving. Impaired capacity was not demonstrated and thus cannot be claimed as a basis for departure.
As to the second reason given for the downward departure — Krueger’s need for specialized treatment — the relevant legal standard is specified in Herrin v. State, 568 So.2d 920 (Fla.1990). Although Herrin involved a drug dependency, its reasoning is applicable here. The Herrin court held that there must be a “finding based upon competent substantial evidence that if the defendant’s sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful. Expert testimony on the subject would be helpful, but is not mandatory where there is other evidence to support the conclusion.” Id. at 922. The Supreme Court concluded that the showing had been made because at the time of sentencing Herrin had already attended Narcotics Anonymous, and was enrolled in a county drug treatment program, id. at 921, he was gainfully employed, id., and his offense was purchase of drugs for his own use, not a crime directed at third persons. Id. at 922.
Herrin makes the point that in order to give the defendant a shorter-than-guidelines sentence, there has to be a reasonable prospect that treatment will actually be successful. Otherwise, there is no point in shortening the sentence. We find this reasoning particularly persuasive where, as here, the defendant’s underlying conduct was directed at third persons, as opposed to the personal use situation in Herrin. In the present case, the trial court did not make the necessary findings. At the conclusion of the sentencing proceeding, the trial court said, “He also requires some specialized treatment, although I have some questions about the effectiveness of treatment and whether he’s amenable to that treatment. I do have questions about that.”
Krueger had completed a course of treatment, after which he committed the current offense. Krueger and his mother indicated that the family had the funds to put him in a private treatment program, so there was an indication of the financial ability to provide the treatment, and an expression by Krueger that he wanted the treatment. Missing, however, was testimony that Krueger had been admitted or found to be a suitable candidate for a specific treatment program. Defense counsel said the mother had located someone who could do an evaluation, but no evaluation had been done. This left the trial judge in doubt as to whether or not Krueger was amenable to treatment. Consequently, since in this case there was no finding of a reasonable possibility of success in a rehabilitative program, this reason for the downward departure sentence ordered likewise fails. See State v. Porter, 659 So.2d 328 (Fla. 3d DCA 1995) (trial court made the necessary finding of a reasonable possibility of successful rehabilitation to support downward departure); State v. Kimble, 651 So.2d 1285 (Fla. 3d DCA 1995) (essential finding of amenability to treatment supported downward departure).
Applying the above analysis, we vacate the challenged sentence and remand for resentencing where the trial court may make a *29 specific Herrin-type finding, or alternatively resentence within the guidelines.