ORFINGER, M., Senior Judge.
The state appeals a downward departure sentence following appellee’s guilty plea to ten counts of sending computer pictures of child pornography over the internet, in violation of sections 827.071(1) and 827.071(3), Florida Statutes. We affirm.
Prior to sentencing, the trial court appointed a licensed psychologist to perform a psychological evaluation of defendant. The report filed with the court indicated that defendant suffered from what the psychologist referred to as Avoidant Personality Disorder and Dysthymic Disorder. Based on the report, and after hearing from other witnesses, the court departed downward from the recommended guidelines sentence.
Section 921.0016(4)(d), Florida Statutes (1995), states that mitigating circum *1111 stances under which a departure sentence is reasonably justified include:
(d) The defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment.
Here there was evidence before the court from which it could conclude that the defendant suffered from a “mental disorder” for which he required specialized treatment, and that he was amenable to treatment. Although the statute provides no definition of “mental disorder,” it is within the trial court’s discretion, based on a preponderance of the evidence, to determine whether any of the statutory elements for departure exist. State v. Chandler, 668 So.2d 1087 (Fla. 1st DCA 1996). See also, State v. MacMillan, 671 So.2d 893 (Fla. 5th DCA 1996) (evidentia-ry basis required for departure). No abuse of discretion is demonstrated.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.