HARRIS, J.
On February 4, 1997, Clark was charged with driving while license suspended or revoked.[1] Several months later, he pled to the offense and sought a downward departure from his guideline sentence because of alcohol addiction and his amenability to specialized treatment. Over the State’s objection, the trial court mitigated his sentence. This record simply does not justify the departure.
First, there is no credible evidence in the record that the offense for which he was charged was in any way related to his alcohol addiction. While we might assume that his driver’s license was previously revoked because of an earlier driving and drinking offense (his PSI reveals a previous DWI), the record does not show that he was under the influence on this occasion. There was some evidence (the police report) that he had been drinking, but this was never established and no such charge was filed. Because the offense is unrelated to his addiction, there must be “a finding based upon competent substantial evidence that if the defendant’s sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful.” Herrin v. State, 568 So.2d 920, 921 (Fla.1990).
Second, there is no credible evidence that he would 'be amenable to treatment. His past experience in this regard is strong evidence to the contrary. In 1982, he attended two programs, a 28-day program in a treatment center and a 90-day program at Crossroads. Neither was successful. In 1987, after three or four months, he was terminated from a program in Orlando because of noncompliance with regulations. In 1991, he completed a program while incarcerated at Lake Correctional Institution. Again, it was not successful. In 1997, he was thrown out of a program in Seminole County because he fought with another inmate.
At some point, Clark, even if he has a drinking problem, must assume responsibility for his actions and pay the price for noncompliance with the law. We have come to that point.
This" mitigating factor is not a “get out of jail free” card to be used by the judge to entice a plea. There must be convincing evidence that the defendant’s future conduct will change because of treatment for his addiction.
After five failures, what evidence was submitted below to show his present amenability to treatment? A TASC case manager, qualifications unknown, wrote a letter recommending that Clark be placed in a residential treatment program and that Clark “could” benefit from the program. This does not represent credible evidence that a “reasonable possibility” exists that the treatment will now be successful. We reverse for a sentence within the guideline range.[2]
*655 REVERSED and REMANDED for re-sentencing.
W. SHARP, J., concurs.
GOSHORN, J., dissents with opinion.

. Prior to the effective date of the amendment to section 921.0016(4)(d), Florida Statutes (1997).

. There is some indication in this record that this is yet another case in which the defendant agreed to the plea in reliance on an agreement that he negotiated with the judge which was opposed by the State. If so, we agree that Clark should be permitted to withdraw his plea and go to trial. This should not indicate, however, approval of an independently negotiated plea by the court. We disagree with State v. Warner, 721 So.2d 767, 23 Fla. L. Weekly D2540 (Nov. 18, 1998), that simply because the' court’s commitment is not binding, it is somehow appropriate. Why is the court’s commitment not enforceable? Is it because its commitment is conditioned or because *655 public policy simply will not permit such a binding commitment? We believe the State, representing the victim(s), and the victim(s) if the victim(s) appears at sentencing, are entitled to present their argument as to an appropriate sentence to an uncommitted judge. They should not have the burden of having to convince a judge that he or she should renege on his or her previous commitment. It is unseemly for a judge, the personification of the lady with the blindfold and set of scales, to make an independent compact with an admitted felon to sentence him to less than the law prescribes.