733 So.2d 1074 (1999)
STATE of Florida, Appellant,
v.
Carla Ann PARKER, Appellee.
No. 98-1938.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
As Corrected on Denial of Rehearing June 18, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, for Appellant.
*1075 Ronald E. Fox, P.A., Umatilla, for Appellee.
W. SHARP, J.
The state appeals the downward departure sentence imposed on Parker. The trial judge made findings that Parker is a substance abuser and that she is amenable to treatment for addiction. We reverse because we do not think there was sufficient competent evidence in the record to show Parker is amenable to treatment for her addiction.
After being charged with numerous drug offenses, Parker pled no contest to some charges pursuant to a plea agreement, and the state nolle prossed all other counts on pending cases. The offenses to which Parker pled were: thirteen counts of sale of cocaine; fourteen counts of possession of cocaine; one count of possession of cannabis under twenty grams; and one count of possession of drug paraphernalia. All of these crimes were committed from September 14, 1995 to July 3, 1996. At that time, section 921.0016(4) provided a downward departure sentence could be based on a finding that a defendant needed specialized treatment for addiction, and that the defendant was amenable to treatment. That ground for departure was removed by the Legislature, effective July 1, 1997, section 921.0061(5), but it cannot be applied retroactively.
In this case, the state and the defense had agreed to guideline sentences for these charges: for the sale of cocaine counts, 6.5 years in the Department of Corrections followed by 8.5 years of drug offender probation, fines and costs and a 2-year driver's license revocation; for the possession of cocaine counts, 60 months in the Department of Corrections concurrent to the sale sentence, costs and a 2-year driver's license revocation; and for the other two charges, credit for time served and a 2-year driver's license revocation. However, on the sale counts, the trial judge sentenced Parker to a suspended 78-month sentence in the Department of Corrections, provided she successfully completes 24 months of community control followed by 54 months of drug offender probation, and as a special condition, that she must be accepted in and successfully complete the DayTop drug treatment program. She would then also serve 102 months of drug offender probation, pay fines and costs, and have her driver's license revoked for 2 years. The sentences for the other crimes were concurrent and mirrored those for the sale charges, except being shorter in time span.
The evidence at sentencing sufficiently established that Parker is addicted to alcohol and drugs. State v. Hill, 698 So.2d 647, 648 (Fla. 5th DCA 1997). She testified she had been using drugs for ten years or more, and supported her habit by selling drugs. She drank alcohol daily, to the point of becoming intoxicated. At the time of her arrest she was consuming $100.00 of cocaine per day at least five days a week.
However, there was little beyond Parker's own testimony to establish that she is amenable to a drug addiction program, and in specific, the program offered by Day-Top. She testified she first realized she was addicted to drugs three years ago. Two years before the sentences were imposed in this case, she was arrested on those charges. Yet, since Parker's realization that she is an addict and her arrest, she did nothing to seek any treatment. She claimed at sentencing that if she went through the DayTop program she would break her habit. But when asked whether she could go through a similar program offered by DOC and also break her habit, she said she was not sure.
Cliff Ryder, a counselor at DayTop, testified he had evaluated Parker and thought she could be helped by the program offered there. However, his evaluation was based on a short interview with Parker and he had made no effort to investigate the completeness or accuracy of the statements she made to him. Further, in order *1076 to be accepted at DayTop, Parker would have to undergo a more thorough interview. He also said he could "absolutely not" make a prediction on Parker's success in the program.
Even the court said it was not sure Parker is amenable to rehabilitation and therapy. The trial judge said: "I'm no happier than the State is about the fact that Ms. Parker has not been in a drug rehab or something else for the last two years." He wondered: "I don't know how smart it is to make that finding but I do have some doubt about it. I can'tit's a little bit hard to swallow and believe that she's still doing this stuff and she thinks and now she wants to be rehabilitated."
A finding that a defendant is "amenable" to treatment means there is a reasonable possibility he or she will successfully overcome drug addiction through a treatment program, and this finding must be supported by some competent substantial evidence. Hill at 648. Minimally, this requires proof of some facts indicating a defendant has the potential to reverse his or her prior life of addiction, and is sincere in the desire to do so. Something more than a defendant's perfunctory statement that he or she is a fit subject to rehabilitation is needed. State v. Bostick, 715 So.2d 298 (Fla. 4th DCA 1998); State v. Gordon, 645 So.2d 140, 142 (Fla. 3d DCA 1994). Compare, Herrin v. State, 568 So.2d 920, 921 (Fla.1990); State v. Porter, 659 So.2d 328 (Fla. 3d DCA 1995). This record contains little more than that. Porter. See also Bostick; State v. Stutsman, 566 So.2d 880 (Fla. 3d DCA 1990).
Sentence VACATED; REMANDED for resentencing pursuant to plea agreement.
THOMPSON and ANTOON, JJ., concur.