748 So.2d 388 (2000)
STATE of Florida, Appellant,
v.
John Randall CUMMINGS, Paul Edward Barbato and David Charles Griffin, Appellees.
Nos. 5D99-1331, 5D99-1332 and 5D99-1347.
District Court of Appeal of Florida, Fifth District.
January 21, 2000.
*389 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellee.
DAUKSCH, J.
Appellant, state, appeals the consolidated judgments and sentences of appellees, John Cummings, Paul Barbato and David Griffin. In each of the cases, the state appeals the trial court's downward departure from the sentencing guidelines based upon the mental conditions of Cummings, Barbato and Griffin.[1]
*390 The state contends on appeal that the trial court's downward departures based upon section 921.0016(4)(d) are unsupported by competent substantial evidence. It maintains that a downward departure based upon this statute must be supported by factual findings and competent substantial evidence that 1) a defendant requires specialized treatment for a mental disorder; 2) the disorder is unrelated to substance abuse or addiction; and 3) the defendant is amenable to treatment. See State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999) (each statutory element of downward departure reason must be shown). See also State v. Parker, 733 So.2d 1074, 1076 (Fla. 5th DCA 1999) (defendant's proof that he or she is amenable to treatment requires "[s]omething more than a ... perfunctory statement that he or she is a fit subject to rehabilitation"); State v. Ellis, 715 So.2d 364 (Fla. 5th DCA 1998) (lack of evidence supporting a finding that the defendant required specialized treatment and that he was amenable to treatment); State v. Bostick, 715 So.2d 298, 299 (Fla. 4th DCA 1998) ("defendant's word alone is insufficient to establish that he is a suitable candidate for drug rehabilitation").
Relying upon Herrin v. State, 568 So.2d 920 (Fla.1990) and State v. Krueger, 664 So.2d 26 (Fla. 3d DCA 1995),[2] the state maintains that the trial court is required to make a factual finding that a defendant is amenable to treatment and that there is a reasonable possibility that the treatment will be successful. In Herrin, the court held that a downward departure based upon a defendant's substance abuse, standing alone, is invalid. It held that where a defendant's sentence is reduced to provide treatment for a dependency, there must also be a finding based upon competent substantial evidence that there is a reasonable possibility that the treatment will be successful. Expert testimony is helpful but is not required where there is other evidence to support the conclusion.
In Herrin, the trial court said that the defendant was amenable to treatment but did not make a finding that there was a reasonable possibility that the treatment would work. The supreme court upheld the trial court's downward departure, however, because the evidence showed that there was a reasonable possibility that the treatment would work. In Krueger, a sexual misconduct case in which the trial court found that the defendant required specialized treatment, the court failed to find that the defendant was amenable to treatment and there was no evidence showing that this was the case. Both Herrin and Krueger emphasized that there is no point in shortening a defendant's sentence unless there is a reasonable prospect that the prescribed treatment will be successful.
The state also relies upon State v. Clark, 724 So.2d 653 (Fla. 5th DCA 1999) in which this court recently held that the trial court must make the Herrin finding where the offense is unrelated to the addiction.[3] The state contends that there is no evidence in the present cases that the offenses committed were related to the addictions. Thus, it maintains that the Herrin finding is required.[4]
*391 The state contends that State v. Walker, 731 So.2d 98 (Fla. 4th DCA 1999), relied upon by Cummings, Barbato and Griffin below, is inapplicable. In that case, the court upheld the trial court's downward departure based upon the defendant's mental disorder which was unrelated to his drug addiction. It did so on the basis of a psychological evaluation. The state contends that Walker is distinguishable because the court failed to discuss the contents of the evaluation and because there is no evidence that the trial court made the necessary factual findings. Cummings, Barbato and Griffin correctly contend in response that Walker merely supports the proposition that a psychological evaluation may be used in lieu of live testimony to support a finding that a defendant suffers from a mental disorder and is amenable to treatment.
The state further contends that there is no evidence that Cummings, Barbato and Griffin cannot receive their specialized treatment through the Department of Corrections, see State v. Abrams, 706 So.2d 903 (Fla. 2d DCA 1998), or that their conditions even require specialized treatment. It relies upon State v. Spioch, 706 So.2d 32 (Fla. 5th DCA), rev. den., 718 So.2d 171 (Fla.1998) in which this court affirmed the trial court's downward departure based upon the defendant's need for specialized treatment for physical disabilities and her amenability to treatment. The "constellation of medical problems" in that case, characterized by this court as "multiple special treatment needs," consisted of cancer, diabetes and coronary heart disease along with a multitude of other medical problems. Id. at 36. Although the state in that case also objected to the trial court's departure on the ground that there was no evidence that the defendant could not be successfully treated in prison, this court rejected its argument reasoning that successful treatment in prison was doubtful "given the nature and extent of her illnesses." Id. at 35. This court also found that "a lack of available treatment in prison is not required under the statute." Id. at 36.
Cummings, Barbato and Griffin contend in response that a trial court's downward departure need only be supported by facts proven by a preponderance of the evidence. See § 921.001(4)(a)6., Fla. Stat. (1997); State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996) (departure must be "based on factors which are reasonably justified and are established by a preponderance of the evidence"). They maintain that the record contains competent substantial evidence that they are in need of specialized treatment for a mental disorder and that they are amenable to treatment.

John Cummings' Case
In John Cummings' case, Dr. Gary Honickman's psychological evaluation, admitted into evidence at the sentencing hearing, indicates that Cummings suffers from Bipolar disorder "with psychic features" for which he has received medication. Honickman found that Cummings required psychotropic medications and lengthy outpatient psychotherapy to control his condition. The record therefore supports the conclusion that specialized treatment of Cummings' mental disorder is required.
At the hearing, the trial court found that Cummings was amenable to treatment. Defense counsel argued that Cummings had committed the offenses because of a drug problem. However, there was no evidence that this was the case. There was also no evidence that Cummings had committed the offenses because of his mental disorder. In State v. Parker, 733 So.2d 1074 (Fla. 5th DCA 1999),[5] this court held that the trial court's finding that a defendant is amenable to treatment
means there is a reasonable possibility he or she will successfully overcome *392 drug addiction through a treatment program...
Id. at 1076. This court held:
... Minimally, this requires proof of some facts indicating a defendant has the potential to reverse his or her prior life of addiction, and is sincere in the desire to do so. Something more than a defendant's perfunctory statement that he or she is a fit subject to rehabilitation is needed. [citations omitted].
Id.
Under the amended version of section 921.0016(4)(d), the record must show that there is a reasonable possibility that the defendant's treatment of his mental disorder will be successful. See State v. Skidmore, 24 Fla. L. Weekly D1826, ___ So.2d ___, 1999 WL 565832 (Fla. 4th DCA 1999) (applying amended version of the statute). In this case, Cummings was diagnosed with a mental disorder at the same time the offenses were committed. He did not begin receiving medication until he was in jail. He testified at the sentencing hearing that he did not receive treatment for the problem until that time because he did not realize he "was messed up." His mother testified that Cummings had showed signs of a mental problem since he was 16 but that she had been unable to afford to have him diagnosed or treated for the problem until recently when she was able to do so through her job. Honickman's evaluation and Cummings' statements at the hearing and to Honickman that he has felt better since he has been on medication for his disorder and his statement to Honickman that he wanted to be treated for the condition is the only evidence in the record as to whether Cummings is amenable to treatment. See State v. Cruz, 710 So.2d 123 (Fla. 4th DCA 1998) (trial court found that appellant, a drug addict, could be helped by Fern House drug program based on Fern House representative's testimony that he had interviewed appellant and he was a suitable candidate).
Given his recent diagnosis of the condition, Cummings was limited in his ability to present any other evidence concerning a reasonable possibility of success. Additionally, the state failed to object below on the ground that there was a lack of evidence showing a reasonable possibility that the treatment of his mental disorder would be successful. Thus, the trial court's downward departure based upon section 921.0016(4)(d) is affirmed.

Paul Barbato's Case
In Paul Barbato's case, the trial court entered the following written reasons for a downward departure:
1. As evidenced from the psychological report of Lawrence Judd, Ph.D., the Defendant has a functional IQ of 70 which places him in the low end of borderline retardation.
2. The Defendant was participating in school in a multiple handicapped program and classified as severely emotionally disturbed as evidenced from the evaluation team report from the Marion County School Board Martin Goldinher licensed school Psychologist.
3. The Defendant was an accomplice who participated in an unsophisticated manner.
4. The Defendant's size 5'7", 140 lbs., as well as his intellectual functioning make incarceration in a prison setting extremely dangerous.
5. The Defendant, because of his mental condition, is in need of specialized treatment.
6. The Defendant is 21 years old and functions at a 3rd grade level.
In addition to the legal arguments previously discussed, the state contends that mental retardation is not a mental disorder which requires specialized treatment. It notes that four of the trial court's reasons for departure pertain to Barbato's retardation. It contends additionally that Barbato's small stature is an insufficient reason *393 for a downward departure. Further, it maintains that, with the exception of Barbato's statement at the hearing, there is a lack of evidence that he is an accomplice or a follower. The state emphasizes that Barbato has committed 8 burglaries and that he is just 21 years old. Moreover, his record does not show that he is unsophisticated or that he has committed an isolated offense for which he has shown remorse. See State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998) (downward departure may be justified where state proves commission of an isolated incident committed in an unsophisticated manner for which defendant has shown remorse). Finally, the state contends that the psychological evaluations do not propose a specific treatment plan for Barbato.
The trial court's downward departure in Barbato's case is affirmed. In State v. Osborn, 717 So.2d 1110 (Fla. 5th DCA 1998), this court acknowledged that the legislature has not defined the term "mental disorder" within the context of section 921.0016(4)(d). This court noted that in the absence of a definition, it is within the trial court's discretion to determine whether the statutory elements for departure have been proven by a preponderance of the evidence. Although in Special Disability Trust Fund, Dep't of Labor & Employment Sec., State of Florida v. P.B. Newspaper//United Self Insured, 697 So.2d 1226 (Fla. 1st DCA 1997), the court cites a definition of mental disorder contained in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorder (4th ed.1994), the definition is not particularly helpful. Because there is no reasonable possibility that a mentally retarded person is likely to improve, we conclude that the trial court abused its discretion in finding that mental retardation is a mental disorder requiring specialized treatment. Consistent with this reasoning, there is also an absence of competent substantial evidence as to whether Barbato is amenable to treatment. The trial court did not so find that Barbato was amenable to treatment and there is no record evidence of a treatment plan for his mentally retarded condition or that there is a reasonable possibility of success. Thus, the trial court's downward departure in Barbato's case was improper and without evidentiary support. Because the state failed to raise any of these issues below, however, they are not preserved for review and the trial court's downward departure must be affirmed.

David Griffin's Case
In addition to those arguments previously set forth, the state contends on appeal that Dr. Ava Land's psychological evaluation, admitted into evidence at the sentencing hearing, does not support the conclusion that Griffin has a mental disorder which requires specialized treatment. Additionally, it contends that his mental condition was the result of substance abuse or addiction, thus the statutory mitigating factor did not apply. The state also contends that there is no evidence that Griffin is amenable to treatment. It contends that Land did not recommend further treatment and that there is no evidence which shows that Griffin's fifteen years of treatment will suddenly become successful. Accordingly, it maintains that section 921.0016(4)(d) is an invalid reason for a downward departure.
The trial court's downward departure in Griffin's case is reversed for one reason. The record is replete with evidence that his mental disorder is related to his substance abuse, contrary to the statutory language of section 921.0016(4)(d). Pat Robuck from the Marion Citrus Mental Health Department testified at the sentencing hearing that the two problems were related and Land's findings are to the same effect.
Accordingly, the trial court's downward departures in Cummings' and Barbato's cases are affirmed. The court's downward departure in Griffin's case is reversed.
AFFIRMED in part; REVERSED in part.
*394 COBB, J., concurs with result only.
HARRIS, J., concurs in part and dissents in part, with opinion.
HARRIS, J., concurring in part and dissenting in part.
I concur with the majority's ruling as to Cummings and Griffin; I dissent as to its holding relating to Barbato.
NOTES
[1] The trial court's downward departures in this case are based upon section 921.0016(4)(d), Florida Statutes (1997) which says:

(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
[2] The statute in effect at the time of those cases was slightly different:

(d) The defendant requires specialized treatment for addiction, mental disorder, or physical disability and the defendant is amenable to treatment.
[3] This case also involved section 921.0016(4)(d) before it was amended.
[4] The state's argument does not make sense in light of the present wording of the statute. It probably meant to argue that the Herrin finding is required where the defendant's commission of the offense is unrelated to his mental disorder.
[5] That case also involved section 921.0016(4)(d) before it was amended.